http://www.va.gov/vetapp16/Files5/1639908.txt

Citation Nr: 1639908 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 10-18 119 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois

THE ISSUE

Entitlement to an initial compensable rating for bilateral hearing loss. 

REPRESENTATION

Veteran represented by: Illinois Department of Veterans Affairs

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

A. Purcell, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1952 to August 1956. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an October 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois, which granted service connection for bilateral hearing loss and assigned an initial noncompensable evaluation, all effective February 26, 2008 (date of receipt of claim). 

The Board remanded this case in December 2011 and November 2015, and it has now been returned for appellate consideration. 

The Veteran testified at a July 2015 videoconference before the undersigned Veterans Law Judge (VLJ). A transcript thereof is of record. 

While the Veteran submitted new evidence since the March 2016 SSOC, the Veteran also submitted a March 2016 waiver of initial RO consideration of such evidence. 38 C.F.R. § 20.1304 (2015). Moreover, as the Board is remanding this matter for further development, there is no prejudice to the Veteran in proceeding with the remand.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

Although the Board regrets another remand of this matter, the development directed by the Board in its November 2015 remand was not accomplished. Where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In the November 2015 remand, the Board instructed that the results of VA audiometric testing conducted in May 2009 and October 2009 be obtained and associated with the record on appeal. The RO obtained May 2009 and October 2009 VA audiology notes, which state "See audio," referring to audiometric results which are not included. Accordingly, remand is needed to obtain such audiometric results.

While this matter is on remand, updated VA treatment records, to include records dated October 2015 to the present, should be associated with the claims file.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain any additional VA treatment records, including those dated from October 2015 to the present, and associate them with the Veteran's claims file.

2. Obtain copies of the VA audiometric testing conducted in May 2009 and October 2009, and associate them with the Veteran's claims file.

3. After the development requested above has been completed, the record should again be reviewed. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case and be given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).